

DA 15-0322

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 52N

CITY OF LIVINGSTON

　　　　　Plaintiff and Appellee,

　　v.

ETU HOLLOWAY,

　　　　　Defendant and Appellant,

CITY OF LIVINGSTON

　　　　　Plaintiff and Appellee,

　　v.

JEFFERY FRANCIS WOOD,

　　　　　Defendant and Appellant,

CITY OF LIVINGSTON

　　　　　Plaintiff and Appellee,

　　v.

RANDY LEE STOREY,

　　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Sixth Judicial District,
　　　　　　　　　In and For the County of Park, Cause Nos. DC 14-59, DC 14-58, DC 14-68
　　　　　　　　　Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Chad Wright, Chief Appellate Defender, James Reavis, Assistant Appellate Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

Courtney Lawellin, Interim Livingston City Attorney, Livingston, Montana

Submitted on Briefs: February 22, 2017

Decided: March 7, 2017

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In Cause Nos. 15-0322, 15-0326, and 15-0372, Etu Williams Holloway, Jeffery Francis Wood, and Randy Lee Storey, respectively, appeal from the April 2015 decisions and orders of the Sixth Judicial District Court, Park County, refusing to dismiss their misdemeanor criminal convictions. These three proceedings arise from similar facts and involve nearly identical legal issues. Consequently, we have determined to consolidate the three appeals under Cause No. 15-0322. We affirm.

¶3 Holloway, Wood, and Storey each were charged with misdemeanor offenses in the Livingston City Court—a court of record. Wood's and Holloway's cases proceeded to jury trials, and Storey's case proceeded to a bench trial. All three defendants were found guilty of the misdemeanor charges. A non-lawyer judge presided over their trials. The defendants appealed to the District Court and moved to dismiss their cases. Each argued that the prosecution of a criminal case before a non-lawyer judge in a court of record, without the option of a trial de novo on appeal, violated his rights to due process and to effective assistance of counsel guaranteed under the United States and Montana Constitutions.

3

¶4 Wood argued additionally that he should receive a new trial because the City Court failed to record portions of the proceeding and thereby failed to capture a complete record of the trial for appeal. The District Court granted Wood a new trial due to the lack of a complete City Court record.

¶5 The District Court denied Holloway's and Storey's motions to dismiss and rejected Wood's arguments regarding the constitutionality of his being subject to a trial before a non-lawyer judge. The court held that trials before a non-lawyer judge in the City Court—even without the opportunity for a de novo appeal—did not violate the defendants' constitutional rights. The court reasoned in part that the defendants' existing rights to appeal to the District Court provided sufficient constitutional protections by ensuring that their cases are "reviewed by a law-trained judge" and that "any alleged errors are reviewed and subject to correction, reversal[,] and/or remand."

¶6 These appeals concern substantially similar facts and issues as those we considered in *State v. Davis*, 2016 MT 102, 383 Mont. 281, 371 P.3d 979. We stayed consideration of Holloway's, Wood's, and Storey's appeals pending Davis's petition for writ of certiorari to the United States Supreme Court. The Court denied certiorari on January 17, 2017. *Davis v. Montana*, 2017 U.S. Lexis 724, 196 L. Ed. 2d 599. As in *Davis*, we conclude that the Appellants' trials before a non-lawyer judge, even though trials de novo were not available on appeal, did not violate their constitutional rights to due process or to effective assistance of counsel. The City does not contest on appeal the District Court's grant of a new trial to Wood, and we therefore do not address that issue.

4

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, *Davis* resolves the issues on appeal. The District Court's decisions and orders are affirmed.


                                          /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE